09-2893-ag
Chen v. Holder

BIA
Holmes-Simmons, IJ
A094 802 980

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand ten.

PRESENT:

GUIDO CALABRESI,
REENA RAGGI,
PETER W. HALL,
        *Circuit Judges.*

_____

XIAO CHEN, a.k.a. SHAO QIN CHEN,
        *Petitioner,*

        v.                                         09-2893-ag
                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Jan Potemkin, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Shelley R.
                       Goad, Assistant Director; Jennifer
                       A. Singer, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Chen, a.k.a. Shao Qin Chen, a native and citizen of China, seeks review of a June 11, 2009 order of the BIA affirming the October 3, 2007 decision of Immigration Judge ("IJ") Theresa Holmes-Simmons denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Chen a.k.a. Shao Qin Chen*, No. A094 802 980 (B.I.A. June 11, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably found that Chen did not establish past persecution or a well-founded fear of future persecution in light of his wife's sterilization. *See*

*Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (explaining objective component of well-founded fear of future persecution); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that fear is not objectively reasonable if it lacks "solid support" in record and is merely "speculative at best").  Chen did not claim that he was himself beaten, arrested, detained or otherwise persecuted by officials for a violation of the family planning policy or for his protestations when his wife was taken into custody for such a violation.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-13 (2d Cir. 2007) (*en banc*).  Nor did he provide an objectively reasonable basis for believing that officials would seek to persecute him upon his return to China.  Although Chen claimed that officials had sought his sterilization when it was thought that his wife could not undergo such a procedure, the record shows that she was in fact sterilized after Chen left China.  Chen has offered no evidence that once China sterilizes one spouse, it thereafter also seeks to sterilize the other.  On this record, the agency reasonably found that Chen had not established past persecution or a well-founded fear of future persecution.

3

Because Chen failed to show that he had a well-founded fear of persecution, the BIA did not err in denying relief. Further, because Chen was unable to meet his burden of proof for asylum, he was unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Chen does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4